HOOLEY *v.* ALPENA NATIONAL BANK.

1. BROKERS—COMMISSIONS—APPROVAL OF SALE.
   Owner, who approved sale of land to broker's clients, became liable for commission unless sale failed because of unwillingness or inability of broker's clients to complete it.

2. SAME—SALE TO ANOTHER PARTY.
   Where broker with valid contract for sale of land procured buyers who were ready, willing, and able to buy on owner's terms, owner is liable for commission, although, after approving sale by broker, it sold to another party.

As to broker entitled to commission on finding purchaser, see annotation in 10 L. R. A. 103; 44 L. R. A. 321, 616, 623; 3 L. R. A. (N. S.) 577.

Error to Alpena; Dehnke (Herman), J., presiding. Submitted October 7, 1931. (Docket No. 29, Calendar No. 35,807.) Decided December 8, 1931.

Assumpsit by T. Frank Hooley against the Alpena National Bank for real estate broker's commissions. Judgment for plaintiff. Defendant brings error. Affirmed.

*Lynch & Hinks,* for plaintiff.

*Carl R. Henry,* for defendant.

McDonald, J. This is an action to recover a commission for the sale of real estate. The case was tried by the court without a jury. Findings of fact and conclusions of law were filed, on which judgment was rendered for the plaintiff in the sum of $868.93. The defendant has appealed.

The plaintiff's testimony tends to show that he had a valid written contract with the defendant to sell 1,960 acres of cut-over lands in Alpena county, designated in the record as the "Lutes land;" that he procured Lester D. Mills and Arthur O. Worroll, who were ready, willing, and able to purchase 360 acres on defendant's terms, and William C. Beaufore who was ready, willing, and able to purchase the balance of the tract; that he procured from them written offers which he submitted to the defendant and which the defendant accepted in writing; but that the sale was not consummated because the defendant subsequently sold to another party. The defendant denies that the plaintiff procured purchasers ready, willing, and able to purchase. It admits having sold the land to Walter P. Haass through Mr. Beaufore, but claims that plaintiff was not the procuring cause of the sale.

It is undisputed that the plaintiff procured purchasers acceptable to the defendant. Their written offers were delivered to Mr. Markham and he submitted them to the defendant's board of directors. The board approved them and authorized the sale. This appears by a letter from Mr. Markham to the plaintiff, the applicable part of which reads as follows:

"Our directors yesterday approved of the sale of the so-called 'Lutes lands,' at the price of $4 per acre less your commission of 10 per cent., with the 25 per cent. down payment and balance in eight equal annual payments with interest on all unpaid sums at 6 per cent. per annum. Upon your client's acceptance of the title as shown by the abstracts we can make out contracts, etc."

Having approved of the sale, the defendant became liable for the commission unless it failed of consummation because of the unwillingness or inability of plaintiff's purchasers to complete it. The failure to close the deal for any other reason would not defeat the plaintiff's right to a commission. As to Mills and Worroll, it is conceded that they were ready, willing, and able to go through with the purchase. Beaufore was buying for resale, but his written offer was made in his own name. The evidence shows that he was more than ready, willing, and able to buy. He was anxious. He wanted to make a money deposit with his written offer, but was told by Mr. Markham that such a deposit was not necessary because he was dealing with a bank. The only reason apparent in the record why the deal was not closed with him in accordance with his written offer is that Mr. Markham side-tracked the plaintiff and made a different agreement with Beaufore by which a sale was made of the entire tract direct to his pur-

chaser at $5 per acre, which was $1 an acre above the price listed with the plaintiff. The defendant could not thus relieve itself of liability for plaintiff's commission. It clearly appears from the record that the plaintiff had a valid contract with the defendant for the sale of this land; that he procured purchasers ready, willing, and able to purchase on defendant's terms; and that the defendant's directors approved the sale to them. The circuit judge correctly held that the plaintiff had earned his commission.

The judgment is affirmed, with costs to the plaintiff.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.